**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**


**SMARANDA DRAGHIA,**

    *Plaintiff,*

**v.**                                                    **Case No. 5:26-CV-00083-JKP**

**UNITED COLLECTION BUREAU**
**INC.,**

    *Defendant.*

## ORDER OF REMAND

Before the Court is Plaintiff's Motion to Remand. *ECF No. 5*. Defendant filed no response. Upon consideration, the Court grants Plaintiff's Motion.

## PROCEDURAL BACKGROUND

Plaintiff Smaranda Draghia ("Draghia") filed this lawsuit in the 225th District Court of Bexar County, Texas, Cause No. 2025-CI-26289, and Defendant United Collection Bureau Inc. removed under federal question subject-matter jurisdiction. *See ECF No. 1*; 28 U.S.C. § 1331.

Subsequently, Draghia filed an Amended Complaint, (*ECF No. 4*), and the instant Motion to Remand, (*ECF No. 5*). In the Motion to Remand, Plaintiff states her "First Amended Complaint asserts only state law causes of action and does not plead any claim arising under the Constitution, laws, or treaties of the United States . . . [i]n addition, diversity jurisdiction under 18 U.S.C. § 1332 does not exist because the amount in controversy does not exceed $75,000, exclusive of interest and costs." *Id. at 2*. Defendant filed no response.[1]

---

[1] Defendants' decision not to oppose remand provides sufficient grounds to remand on its own. *Brown v. Heintz*, No. 16-13697, 2017 WL 604034, at *2 (E.D. La. Feb. 15, 2017) (collecting cases); *see also Williams v. Parker*, 843 F.3d 617, 621 (5th Cir. 2016) ("[T]he party invoking federal jurisdiction bears the burden of establishing its existence." (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998))); *Jackson v. City of New Orleans*, No.

## <u>LEGAL STANDARDS AND ANALYSIS</u>

In *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), the Supreme Court, affirming the judgment of the United States Court of Appeals for the Eighth Circuit, held that remand is required where a plaintiff amends a complaint to delete the federal-law claims that allowed for removal to federal court. As the Court summed up its decision:

> The earliest version of that suit contained federal-law claims and therefore was properly removed to federal court. The additional state-law claims were sufficiently related to the federal ones to come within that court's supplemental jurisdiction. But when Wullschleger amended her complaint, the jurisdictional analysis also changed. Her deletion of all federal claims deprived the District Court of federal-question jurisdiction. And once that was gone, the court's supplemental jurisdiction over the state claims dissolved too. Wullschleger had reconfigured her suit to make it only about state law. And so the suit became one for a state court.

*Carroll v. Vivid Seats, LLC*, No. 3:25-CV-00127, 2025 WL 746701, at *2 (N.D. Tex. Feb. 13, 2025), *R. & R. adopted*, No. 3:25-CV-00127, 2025 WL 746520 (N.D. Tex. Mar. 6, 2025) (quoting *Royal Canin*, 604 U.S. at 43-44); *see, e.g.*, *Joel v. Howard Univ.*, No. 1:24-CV-01655, 2025 WL 358769, at *2 (D.D.C. Jan. 31, 2025) ("As the Supreme Court recently explained, after amendment, '[t]he amended complaint becomes the operative one; and in taking the place of what has come before, it can either create or destroy [federal] jurisdiction.'").

Here, Draghia has abandoned her Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*., cause of action, which was the basis for Defendant's removal to this court. "Her deletion of all federal claims deprived [this court] of federal-question jurisdiction. And once that was gone, the court's supplemental jurisdiction over the state claims dissolved too. [Draghia] had reconfigured her suit to make it only about state law." *Royal Canin*, 604 U.S. at 44.

Accordingly, the Court must remand this case to state court and, therefore, Draghia's Motion to Remand, (*ECF No. 5*), will be granted. *E.g.*, *Joslin v. Garcia*, No. 5:25-CV-00655-JKP,

---

95-1340, 1995 WL 599046, at *1 (E.D. La. Oct. 10, 1995) (holding that plaintiff's remand motion "could be granted as unopposed").

2025 WL 2825629 (W.D. Tex. Oct. 2, 2025); *Elevated Foundations Corp., Pl., v. Paces Funcing, LLC et al., Defendants. Additional Party Names: K.G. Hughes & Associates, LLC*, No. 1:24-CV-03878, 2025 WL 2743867 (N.D. Ga. July 23, 2025), *R. & R. adopted sub nom. Elevated Foundations Corp. v. Paces Funding, LLC*, No. 1:24-CV-03878, 2025 WL 2743864 (N.D. Ga. Aug. 8, 2025); *Miles v. LSG Sky Chefs Inc.*, No. 3:25-CV-01355, 2025 WL 2100659 (N.D. Tex. July 2, 2025), *R. & R. adopted*, No. 3:25-CV-01355, 2025 WL 2099211 (N.D. Tex. July 25, 2025); *Carroll v. Vivid Seats, LLC*, No. 3:25-CV-00127, 2025 WL 746701, at *2 (N.D. Tex. Feb. 13, 2025), *R. & R. adopted*, No. 3:25-CV-00127, 2025 WL 746520 (N.D. Tex. Mar. 6, 2025); *Joel v. Howard U.*, No. 1:24-CV-01655, 2025 WL 358769 (D.D.C. Jan. 31, 2025).

## CONCLUSION

For the reasons stated above, Draghia's Motion to Remand, (*ECF No. 5*), is **GRANTED**. It is **ORDERED** this case be **REMANDED** to state court. The referral to the Magistrate Judge is **WITHDRAWN**. All other motions pending in this action are **DISMISSED AS MOOT**.

The Clerk of Court is **DIRECTED** to affect the remand according to the usual procedure and close this case.

It is so ORDERED.
SIGNED this 19th day of February, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

3